■ In the Matter of EDWARD T., Respondent, v FIFI N., Respondent. ANN D. N., Intervenor-Appellant.—Order, Family Court, New York County (Bruce M. Kaplan, J.), entered February 7, 1992, which denied intervenor-appellant's motion for blood test to determine paternity, unanimously affirmed, without costs. By order entered March 24, 1992, this court granted appellant leave to appeal.

After a hearing in Family Court at which both petitioner and respondent appeared and stated petitioner was the subject child's father, an order of filiation was entered in his favor. Thereafter, the court refused respondent's request to vacate the order of filiation and no appeal was taken. Appellant, the maternal grandmother and foster mother, has no standing to challenge this determination.

As a foster parent granted intervenor status, appellant's status as a party entitles her to participate only in those aspects of the hearing pertaining to custody with respect to the best interests of the child. Clearly, the best interests of the child require that custody remain with the petitioner father. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.